IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KYLE KIMOTO, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 13-CV-0012-MJR |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

MEMORANDUM AND ORDER

REAGAN, District Judge:

Petitioner Kyle Kimoto asks the Court to stay its decision on his §2255 petition pending the ruling by the United States Supreme Court in *Alleyne vs. United States*, **133 S.Ct. 420 (2012)** (Doc. 26). Kimoto believes that the granting of *certiorari* in *Alleyne* calls into question the Supreme Court's earlier decision in *United States vs. Harris*, **536 U.S. 545 (2002)**, and would somehow benefit him. That is not the case since the ultimate holding in *Alleyene*, even if it were to overrule *Harris*, would not be dispositive of Kimoto's case.

In the underlying criminal case, *United States v. Kimoto,* **Case No. 07-30089 (S.D.Ill.)**, the Court committed Kimoto to the custody of the United States Bureau of Prisons for 25 months on each of Counts 1-14, to be served consecutively, for a total of 350 months (Crim. Doc. 108). He was sentenced to supervised release for 3 years on each of Counts 1, 3-7 and 9, and 5 years on each of Counts 2, 8 and 10-14, all such terms to run concurrently for a total of 5 years, and was required to pay an assessment of $1400.00 and restitution of $34,915,321.30 (*Id*.). Judgment was entered accordingly on October 14, 2008 (Crim. Doc. 116). On October 27, 2008, Kimoto filed a timely notice of appeal (Crim. Doc. 118).

On February 10, 2010, the Seventh Circuit Court of Appeals issued its mandate

1

affirming the judgment of the District Court with respect to Kimoto's conviction and affirming all aspects of his sentencing with the exception of the calculation of victims under U.S.S.G. § 2B1.1(b)(2)(C).  *United States v. Kimoto*, **588 F. 3d 464, 497 (7th Cir. 2009).**  The Court remanded that aspect of Kimoto's sentence for further findings concerning the number of victims, determining that the District Court considered all purchasers of debit cards marketed by Kimoto to be victims (well over 500,000) without reaching a reasonable estimate of how many of these individuals purchased the cards as a result of Kimoto's deceptive sales efforts.  *Id.* **at 496-97**.

The remand was very limited, confined to the calculation of the number of victims for purposes of § 2B1.1(b)(2)(C); "…no other aspects of Mr. Kimoto's sentencing should be revisited." *Kimoto,* **588 F. 3d at 497**.  On limited remand, the undersigned ruled as follows:

> The Court's calculation of the number of victims for purposes of § 2B1.1(b)(2)(C) exceeds 250. As a result, the six-level increase at paragraph 61 of the presentence report is sustained, and the Court's conclusions as to the total offense level do not change from its original conclusions. Likewise, Kimoto's sentence remains unchanged, as does the judgment entered October 14, 2008 (Crim. Doc. 116).

Kimoto again appealed, and the Court of Appeals affirmed the undersigned's limited remand determination of the number of victims.

Because *Alleyne* is factually and legally distinguishable from Kimoto's case, the Supreme Court's ultimate decision in *Alleyne* will not assist Kimoto.  *Alleyne* and its predecessor, *Harris*, involved individuals charged with drug offenses who were facing mandatory minimum sentences of five years' imprisonment.  But in each case the district court sentenced the defendants to the mandatory minimum of seven years required by 18 U.S.C. § 924(c)(1)(A) since they brandished firearms in relation to a drug trafficking crime.  The *Harris* Court held that it was not a violation of the Fifth or Sixth Amendments for the mandatory

minimum to be increased by 2 years (from 5 years to 7 years) by the Court as a fact finder with a preponderance of the evidence standard. Basically, the Supreme Court held that the determination of "brandishing" a firearm was a sentencing factor rather than an element of the crime. The latter requires a jury determination beyond a reasonable doubt while the former permits judicial determination by a preponderance of the evidence.

None of this impacts Kimoto. He was not subject to mandatory minimum sentencing, and no sentencing enhancement found by the undersigned increased his statutory imprisonment exposure. He was sentenced to 25 months on each of Counts 1-14 for a total of 350 months. His statutory imprisonment exposure was 220 years. (The term of imprisonment for each of Counts 1, 3-7 and 9, is not more than 10 years, pursuant to **18 U.S.C. §§ 371, 1343**, and **2326(1)**. The term of imprisonment for each of Counts 2, 8, and 10-14, is not more than 25 years, pursuant to **18 U.S.C. §§ 1341,1343, and 2326(1))**.

In summary, the outcome of *Alleyne* will not affect the outcome of Kimoto's §2255 petition, so the Court **DENIES** the motion to stay (Doc. 26).

IT IS SO ORDERED.

DATED this 15th day of March, 2013

s/Michael J. Reagan
MICHAEL J. REAGAN
United States District Judge